842 F.2d 1293
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andre Sylvester WATTS, Defendant-Appellant.
 No. 87-5080.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 28, 1988.
Decided March 21, 1988.
 
 Bobby B. Stafford; G. Nelson Smith, III; Ray & Stafford, on brief, for appellant.
 Henry E. Hudson, United States Attorney; John T. Martin, Assistant United States Attorney; Catherine M. Troy, Third Year Law Student, on brief, for appellee.
 Before CHAPMAN, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and THOMAS SELBY ELLIS, III, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant was convicted of two counts of theft of personal property of a value greater than $100 at the Washington National Airport in violation of 18 U.S.C. Sec. 661. He appeals his convictions claiming error of the trial court in not suppressing certain Belgian coins taken from his person at the time of his arrest, in reconsidering a ruling made at the suppression hearing, and in admitting certain statements made by the appellant at the time of his arraignment. We find no merit to any of these exceptions.
 
 
 2
 Watts challenges the introduction of the Belgian coins on the ground that there was not probable cause to arrest him, and the coins were found as a result of the search at the time of his arrest. An eyewitness report given to airport police identified appellant as having been seen in the act of picking the pocket of another. This was sufficient to justify his arrest and the search was valid because it accompanied a valid arrest.
 
 
 3
 On March 13, 1987, the district entered an order denying appellant's motion to suppress and finding that there were no incriminatory statements made or evidence seized from him at the time of his arrest. At the government's request, the court reconsidered this order and conducted a second hearing. Appellant contends that the district court erred in reconsidering his motion to suppress and in not giving him sufficient notice of the second hearing. The trial court has discretion to reconsider its order on a motion to suppress, and the record reflects that the hearing was scheduled by the court after consultation with defense counsel. The motion for reconsideration was made eight days prior to the second hearing and this was ample time for defendant to prepare.
 
 
 4
 Shortly after his arraignment, Watts asked a detective to return the coins that had been taken from him at the time of his arrest. The detective asked the value of the coins and Watts replied that it was none of his business and that Watts was a coin collector. At the suppression hearing the court found that these statements were voluntary and admissible. We find no error in this ruling.
 
 
 5
 We conclude that oral argument would not benefit the court in deciding this appeal, and after due consideration of the briefs and the appendix we affirm the appellant's convictions.
 
 
 6
 AFFIRMED.